Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2628 | **DATE** | 5/6/2011 |
| **CASE TITLE** | Jon Giles (#K-58251) v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $7.73 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Tamms Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted until 6/6/11 in which to show cause why this suit should not be dismissed as time-barred, and if he can sufficiently show cause, to submit an amended complaint (plus a judge's copy and service copies). Failure to adequately show cause why this suit should not be dismissed as time-barred and submit an amended complaint by 6/6/11 will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**          **Docketing to mail notices.**

## STATEMENT

     Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on April 25, 2009, Defendants, Chicago Police Department and two John Doe Chicago Police Officers subjected him to false arrest by arresting him outside of the City of Chicago. He also alleges that on that date, Defendants subjected him to search and seizure without probable cause. Plaintiff further alleges that because of the arrest he was held in the Cook County Jail for ten days in violation of his Eighth Amendment rights, and that during his incarceration, he was bit by a spider. He finally alleges that at his preliminary hearing the State's Attorney dropped all charges because the police officers had made an extra-jurisdictional arrest.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.73. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

     However, Plaintiff's complaint is deficient in several ways and must be dismissed, without prejudice. If Plaintiff chooses to proceed, he must submit an amended complaint. Initially, Plaintiff has failed to name a suable entity as a Defendant. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993).

**(CONTINUED)**

    AWL

| STATEMENT (continued) |
|---|

Additionally, the statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202 (2006); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Illinois law does not toll the statute of limitations for prisoners. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, No. 90 C 1568, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993) (Kocoras, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

In this case, Plaintiff is suing over events alleged to have taken place on April 25, 2009, but he waited until April 19, 2011, to initiate suit, failing to name any suable person or entity as a Defendant. A cause of action for an unlawful arrest accrues on the date of the arrest. *See, e.g., Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006): "We reaffirm the holding of *Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996), that false arrest claims accrue at the time of arrest." Therefore, it would seem that any cause of action against any possible Defendant has expired, because any amendment naming a suable party would be untimely. Accordingly, if Plaintiff chooses to submit an amended complaint, he must also show good cause in writing why the complaint should not be dismissed as untimely. Failure to show cause within by 6/6/11 will result in summary dismissal of this case as time-barred.

Additionally, it appears from Plaintiff's complaint that his primary allegation is that he believes that his rights were violated when Chicago Police Officers crossed the boundary between the City of Chicago and Calumet Park, Illinois, and arrested him there. (Plaintiff also alleges an illegal search with no probable cause, but then contradicts himself, stating that Defendants did initially have probable cause; *see* Plaintiff's complaint, p. 4, ¶¶ 2 and 3). Plaintiff's allegation that his rights were violated because he was arrested by City of Chicago Police Officers outside of the City of Chicago fails to state a cause of action. *See* 65 ILCS 5/7-4-8 (providing that Illinois police officers have the power to make arrests outside their jurisdiction if the location of the arrest is in the same county). *See also Lynch v. Young,* Case No. 04 C 5136, 2007 WL 1725304 *3 (N.D.Ill) (Gettleman, J.) The Court takes judicial notice of the fact that the City of Chicago and Calumet Park are both located within Cook County, Illinois. Accordingly, Plaintiff's arrest was not unlawful merely because it occurred outside of the territorial limits of the City of Chicago.

It would appear that Plaintiff's claims are untimely and that he has therefore failed to state a claim for relief. However, the Court dismisses Plaintiff's complaint without prejudice. Plaintiff, should he choose to proceed, must both show cause as to why his claims are not untimely, and submit an acceptable amended complaint. The Clerk is directed to send Plaintiff an amended complaint form and instructions. If Plaintiff fails to adequately show cause why this case should not be dismissed as untimely and submit an acceptable amended complaint, stating actionable claims against suable Defendants by 6/6/11, this case will be dismissed with prejudice.