Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2628 | **DATE** | 7/6/2011 |
| **CASE TITLE** | Jon Giles (#K-58251) v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

The Court finds that for purposes of initial review under 28 U.S.C. § 1915, Plaintiff has adequately responded to its 5/6/2011, order to show cause as to why the case should not be dismissed as untimely. However, Plaintiff has failed to, as ordered, submit an amended complaint. Consequently, Plaintiff is granted 30 days to submit an acceptable complaint. Plaintiff shall submit an amended complaint on or before 8/1/2011. The Clerk is directed to forward to Plaintiff an amended complaint form and instructions for filing. If Plaintiff fails to submit an acceptable amended complaint in accordance with this order, this case shall be dismissed.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On May 6, 2011, the Court granted Plaintiff i.f.p. status, but dismissed his complaint and ordered him to, within thirty days, show cause why this case should not be dismissed as untimely, and submit an acceptable amended complaint. The Clerk forwarded an amended complaint form to Plaintiff and Plaintiff used the amended complaint form to show cause as to why this case should not be dismissed as untimely. He did not, however, submit an amended complaint.
   Plaintiff's original complaint alleged that on April 25, 2009, Defendants, Chicago Police Department and two John Doe Chicago Police Officers subjected him to false arrest by arresting him outside of the City of Chicago. He also alleges that on that date, Defendants subjected him to search and seizure without probable cause. Plaintiff further alleges that because of the arrest he was held in the Cook County Jail for ten days in violation of his Eighth Amendment rights, and that during his incarceration, he was bit by a spider. He finally alleges that at his preliminary hearing the State's Attorney dropped all charges because the police officers had made an extra-jurisdictional arrest.
   The Court ordered Plaintiff to show cause as to why the complaint should not be dismissed as untimely, because the statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202 (2006); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). It appeared to be clear on the face of the complaint that as Plaintiff had not named any suable Defendants in his complaint, and filed it 6 days prior to the two year mark, that any acceptable complaint would be submitted after the two year claims period had expired. However, in Plaintiff's submission, he represents to the Court, and demonstrates with attachments, that he clearly made a good faith attempt to identify the City of Chicago police officers that he contends arrested him, without probable cause, on April 25, 2009. Plaintiff represents to the Court that despite his efforts to contact both the Chicago Police department and the Clerk of
**(CONTINUED)**

Court for Cook County, seeking copies of his arrest report, he has received no response. Accordingly, as statute of limitations arguments are affirmative defenses, *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002), the Court determines that it would be inappropriate to dismiss Plaintiff's cause of action on initial review. In this case, considering Plaintiff's representations to the Court, it would be more appropriate for Defendants to raise the issue as an affirmative defense, and/or in a motion to dismiss.

However, Plaintiff has failed to submit an acceptable amended complaint, and he must do so for this case to proceed. Plaintiff is granted thirty days to submit an acceptable complaint. The Clerk is directed to send Plaintiff an amended complaint form and directions for filing.

As Plaintiff does not know the identity of the police officers he alleges to have arrested him without probable cause, he should submit his amended complaint and name Chicago Police Superintendent Garry McCarthy as the Defendant for the purpose of identifying unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name Garry McCarthy in order to identify unknown Defendants, he asserts no claims against McCarthy to hold him liable under §1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). (Defendants cannot be held liable for the constitutional torts of a subordinate under a theory of *respondeat superior*).

Once Plaintiff has obtained service on Defendant McCarthy, and an attorney has entered an appearance on his behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the police officers who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on Defendants in interest and the supervisory Defendant will be dismissed.

Finally, Plaintiff is reminded that his amended complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted). Plaintiff has only indicated dates in a general way that render his pleading confusing, and subject to multiple interpretations.

In sum, Plaintiff must submit an amended complaint by August 1, 2011, that names Chicago Police Superintendent Garry McCarthy as Defendant, and which contains a short and plain statement of his claim that gives Defendant McCarthy notice of the claims he makes against the John Doe police officers. If Plaintiff fails to submit an amended complaint in compliance with this order, this case will be dismissed.