Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2628 | **DATE** | 7/29/2011 |
| **CASE TITLE** | John Giles (#K-58251) v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted a second amended complaint. The Court finds that Plaintiff's complaint is acceptable pursuant to review under 28 U.S.C. § 1915A. The Clerk is ordered to issue summons to Defendant Garry McCarthy, and the U.S. Marshals Service is directed to serve him. Defendant McCarthy remains a Defendant solely for the purpose of assisting in identifying the actual Defendants. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

    Plaintiff, currently in state custody at Tamms Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on April 25, 2009, he was subject to arrest without probable cause by unnamed Chicago Police Officers. Plaintiff names Chicago Police Superintendent Garry McCarthy as a Defendant, as ordered by the Court on July 6, 2011, solely to assist in determining the identities of the unnamed John Doe Police Officer Defendants.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants for false arrest. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).

    Plaintiff has named Defendant McCarthy solely for the purpose of discovering the identities of the police officers who conducted the alleged illegal arrest. Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the officers in question.

    The Clerk shall issue summons for service of the complaint on Defendant McCarthy (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

    The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.
**(CONTINUED)**

AWL

**STATEMENT (continued)**

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.