## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JON GILES (#K-58251), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 C 2628 |
| | ) | |
| OFFICER V.T. NEWMAN, OFFICER | ) | |
| K.R. REYNOLDS, OFFICER | ) | |
| CHRISTOPHER MURRAH, OFFICER J.C. | ) | |
| O'DONNELL, and OFFICER W. ZAVALA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Jon Giles, an inmate presently incarcerated at Tamms Correctional Center in

Tamms, Illinois, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In his

Third Amended Complaint, Plaintiff alleges that Defendants Chicago Police Officers Newman,

Reynolds, Murrah, O'Donnell, and Zavala violated his constitutional rights by falsely arresting

him, subjecting him to excessive force on arrest, and being deliberately indifferent to serious

medical conditions.  Plaintiff alleges that the violations occurred during and immediately after

his arrest on April 27, 2009, for possession of cannabis and an illegal firearm in Calumet Park,

Illinois.

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) in which they argue that: (1) Plaintiff's false arrest, excessive force, and

deliberate indifference claims are untimely; (2) Plaintiff failed to state a claim under the Eighth

Amendment upon which relief can be granted; and (3) Plaintiff failed to allege sufficient

personal involvement to state a constitutional claim against Defendants Reynolds and

O'Donnell.  For the reasons, the Court grants in part and denies in part Defendants' motion to dismiss.

## BACKGROUND

Plaintiff filed his original complaint in this case on April 19, 2011.  The Court conducted its initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and on May 6, 2011, ordered Plaintiff to show cause why the complaint should not be dismissed as untimely because Plaintiff had named only John Doe Police Officers as Defendants and the date of the alleged false arrest was April 27, 2009.  Plaintiff submitted a response to the Court's order and indicated that he had made eight attempts to procure his arrest report during the year following his arrest only to have the requests be "ignored or frivolously disregarded."  On July 6, 2011, the Court entered an order reviewing Plaintiff's response to the order to show cause finding that Plaintiff had adequately responded, and that, because statute of limitations is an affirmative defense, it was more properly raised by Defendants Officers either in a motion or as a defense.

Plaintiff subsequently, and in accordance with Court orders, submitted amended complaints, including the present Third Amended Complaint.  In Plaintiff's Third Amended Complaint, Plaintiff identifies the named Defendant Officers – Newman, Reynolds, Murrah, O'Donnell, and Zavala –  and raises, for the first time, allegations of excessive force against Defendant Zavala and deliberate indifference to a serious medical condition against Defendant Murrah.  In particular, Plaintiff alleges that during his arrest, Defendant Zavala hit him on the hand with his flashlight, and that when he got to the police station later that night, he complained to Defendant Murrah for six to eight hours, but Murrah failed to provide him with timely medical care.  Plaintiff further alleges that when he was finally taken to Roseland Hospital, he was

treated for a broken hand.  Meanwhile, Plaintiff also makes clear in his Third Amended

Complaint that his false arrest claim is against Defendants Zavala and Newman.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a

claim upon which relief may be granted."  *Hallinan v. Fraternal Order of Police of Chicago*

*Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

*AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation

omitted).  Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The short and plain

statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the

grounds upon which it rests."  *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957)).

Under the federal notice pleading standards, a plaintiff's "factual allegations must be

enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Put

differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949,

173 L.Ed.2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570); *see also McCauley v. City of*

*Chicago*, ___ F.3d ___, 2011 WL 4975644, at *3 (7th Cir. Oct. 20, 2011).  "[W]hen ruling on a

defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained

in the complaint."  *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081

(2007). "While a statute of limitations defense is not normally part of a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief

is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure

to state a claim." *Logan v. Wilkins,* 644 F.3d 577, 582 (7th Cir. 2011). Federal courts "construe

pro se complaints liberally and hold them to a less stringent standard than formal pleadings

drafted by lawyers." *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011).

## ANALYSIS

### I.      Statute of Limitations

Defendants first argue that Plaintiff's claims of false arrest, excessive force, and

deliberate indifference to a serious medical condition are time-barred. In Section 1983 actions,

federal courts sitting in Illinois borrow Illinois' two-year statute of limitations for personal injury

violations. *See Jogi v. Voges*, 480 F.3d 822, 836 (7th Cir. 2007); *Evans v. City of Chicago*, 434

F.3d 916, 934 (7th Cir. 2006) (citing 735 ILCS 5/13-202). The accrual date of a Section 1983

claim, however, is a question of federal law under which accrual occurs when a plaintiff has a

"complete and present cause of action," namely, when a plaintiff "can file a suit and obtain

relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning

Pension Trust Fund v. Ferbar Corp. Of Cal.*, 522 U.S. 192, 201 (1997)).

In general, claims under Section 1983 accrue when a plaintiff knows or should know that

his or her constitutional rights have been violated. *See Logan,* 644 F.3d at 581-82 (7th Cir.

2011). The Seventh Circuit has set forth a two-part inquiry to determine the accrual of Section

1983 claims: (1) the court must first identify the injury, then (2) the court determines "the date

on which the plaintiff could have sued for that injury." *Id*. at 82. In 2007, the Supreme Court

re-examined the accrual of Fourth Amendment false arrest claims. *See Wallace*, 549 U.S. at 397. The *Wallace* Court limited its holding to Fourth Amendment claims: "We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.*

Plaintiff alleges that he was falsely arrested and detained on April 27, 2009, making that the date of accrual of the action. Accordingly, the statute of limitations ran two years later on April 27, 2011. Defendants argue that because Plaintiff named only "John Doe" Defendants before April 27, 2011, his complaint for false arrest is time-barred. Plaintiff, however, made a showing in his response to the Court's order to show cause, namely, he made a significant effort to identify the names of the police officers who arrested him. In particular, Plaintiff maintains that he sent eight separate requests for information to the Chicago Police Department and Cook County Circuit Court Clerk during the year following his arrest, only to receive no response. Plaintiff reiterates this argument in his response to Defendants' motion.

In general, a plaintiff cannot invoke the relation back principles of Federal Rule of Civil Procedure 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Hall v. Norfolk Southern Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006); *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993). Equitable tolling, however, may postpone "the deadline for suing if a plaintiff cannot discover his injurer's identity within the statutory period despite the exercise of reasonable diligence." *Mihelic v. Will County, Ill.,* ___ F.Supp.2d ___, 2011 WL 5974403, at *7 (N.D. Ill. Nov. 28, 2011) (quotations omitted). Construing the facts as alleged in Plaintiff's favor, as the Court is required to do at this

5

procedural posture, including his assertions that he made a diligent effort to determine the identities of his arresting officers, the Court denies Defendants' motion to dismiss Plaintiff's false arrest claims because the limitations period was equitably tolled.

Meanwhile, in his Third Amended Complaint, Plaintiff brings a Fourth Amendment excessive force claim against Defendant Zavala and a Fourth Amendment deliberate indifference claim against Defendant Murrah for the first time. *See Ortiz v. City of Chicago,* 656 F.3d 523, 530 (7th Cir. 2011) (if arrestee did not have probable cause determination, Fourth Amendment applies to deliberate indifference claim). Defendants argue that the Court should dismiss these claims as time-barred under the two year limitations period because these new Fourth Amendment claims did not arise out of the same conduct, transaction, or occurrence set out in the original complaint. *See Cleary v. Philip Morris Inc.,* 656 F.3d 511, 515 (7th Cir. 2011) ("an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading."). The Court would be hard-pressed to conclude that Plaintiff's excessive force claims based on Defendant Zavala's conduct during his arrest and Defendant Murrah's denial of medical care for the resultant broken wrist did not arise out of the same transaction as Plaintiff's arrest on April 27, 2009, especially because Defendants concede that all of the actions underlying Plaintiff's claims occurred on the day of his arrest. (R. 31, Mot. Dismiss, at 5.) The Court therefore denies Defendants' motion as to Plaintiff's excessive force claim against Defendant Zavala and deliberate indifference claim against Defendant Murrah.

## II.  Medical Care Claim Based on Infection

Defendants also seek dismissal of Plaintiff's Eighth Amendment claim in which he alleges that while in custody at Cook County Jail, a spider bit him resulting in an infection which

required emergency treatment. Defendants argue that the Court should dismiss Plaintiff's claim because it is based on the Eighth Amendment and not the Fourteenth Amendment for pretrial detainees or Fourth Amendment for arrestees who have yet to have a *Gerstein* hearing. *See Ortiz*, 656 F.3d at 530. Federal courts, however, must construe pro se litigants' pleadings liberally and do not hold them to the same pleading standards as licensed attorneys. *See Arnett,* 658 F.3d at 751. Here, Plaintiff's allegations put Defendants on notice of his claims and the grounds on which they rest. *See Twombly,* 550 U.S. at 555. Moreover, the Court will not dismiss Plaintiff's claim because he failed to recognize the distinction between Fourth, Fourteenth, and Eighth Amendment medical care claims – a distinction many licensed attorneys fail to recognize. *See Ortiz,* 656 F.3d at 530, *Williams v. Rodriguez,* 509 F.3d 392, 403 (7th Cir. 2007); *Lopez v. City of Chicago,* 464 F.3d 711, 719 (7th Cir. 2006). The Court therefore denies Defendants' motion as to this medical care claim.

## III.    Claims Against Defendants Reynolds and O'Donnell

Last, Defendants argue that Plaintiff makes no substantive claims against Defendants Reynolds and O'Donnell in his Third Amended Complaint sufficient to show the necessary personal involvement to establish liability against them under 42 U.S.C. § 1983. *See Grieveson v. Anderson,* 538 F.3d 763, 776 (7th Cir. 2008) ("A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions.") (citations omitted). In response to Defendants' motion to dismiss, Plaintiff states that he "abdicate on this issue." Construing Plaintiff's response liberally, *see Arnett,* 658 F.3d at 751, Plaintiff is abandoning his claims against Defendants Reynolds and Newman. The Court thus dismisses Defendants Reynolds and Newman from this lawsuit.

7

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss. Specifically, the Court denies Defendants' motion as to Plaintiff's false arrest, deliberate indifference and excessive force claims against Defendants Zavala, Newman, and Murrah. The Court dismisses Defendants Reynolds and O'Donnell as Defendants from this lawsuit. Defendants Zavala, Murrah, and Newman are given thirty days to answer Plaintiff's Third Amended Complaint or to otherwise plead. Last, the Court denies Plaintiff's motion to actual number of amendments as moot.

Dated: February 2, 2012

ENTERED

AMY J. ST. EVE
United States District Judge